THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 David R.
 Cauthen Jr., Appellant.
 
 
 

Appeal From Lancaster County
John C. Few, Circuit Court Judge

Unpublished Opinion No.  2012-UP-233  
 Submitted April 2, 2012  Filed April 18,
2012

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L. Savitz
 III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Assistant
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all
 of Columbia; and Solicitor Douglas Barfield, of Chester, for Respondent.
 
 
 

PER CURIAM: David R. Cauthen Jr. appeals his
 conviction of murder, arguing the trial court erred in allowing the State to
 introduce evidence Cauthen asked investigating officers if he could plead
 guilty to involuntary manslaughter.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Wannamaker, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001) (holding a ruling in
 limine is not final and that unless an objection is made at the time the
 evidence is offered and a final ruling procured, the issue is not preserved for
 review); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003)
 ("A party may not argue one ground at trial and an alternate ground on
 appeal.").[2]  
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] Even if
 Cauthen's issue on appeal were preserved for appellate review, we would
 affirm.  See State v. Evins, 373 S.C. 404, 421, 645 S.E.2d 904,
 912 (2007) (finding that the relevance, materiality, and admissibility of
 evidence are matters within the sole discretion of the trial court, and the
 trial court's findings on such issues will not be reversed on appeal absent an
 abuse of discretion).